IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL BROWN,

    Plaintiff,

vs.

A. MALFI, et al.,

    Defendants.

1:06 CV 1168 AWI WMW PC

ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT

(THIRTY DAY DEADLINE)

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at The Sierra Conservation Center at Jamestown, brings this civil rights action against defendant correctional officials employed by the CDCR at the Sierra Conservation Center.

    Plaintiff's claims in this complaint relates to a classification hearing.  Plaintiff claims that he was denied due process.  Specifically, Plaintiff alleges that he was denied placement in a camp on the ground that his underlying offense involved violence.  Plaintiff disputes that his underlying offense involved violence.  Plaintiff alleges that inmates with more violent histories

have been placed in the camp.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983).

The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status.  <u>See</u> <u>Moody v. Daggett</u>, 429 U.S. 78, 88, n.9 (1976).  The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation.  <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin</u>, 515 U.S. at 484.

Under certain circumstances, labeling a prisoner with a particular classification may implicate a liberty interest subject to the protections of due process.  <u>Neal v. Shimoda</u>, 131 F.3d 818, 827 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections.").  In this instance, plaintiff has alleged no facts that establish the existence of a liberty interest with respect to the decision regarding camp placement.  Being housed in general population, as opposed to being housed in a camp simply does not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin</u>, 515 U.S. at 484; <u>Neal</u> at 830; <u>Cooper v. Garcia</u>, 55 F.Supp.2d 1090, 1101 (S.D. Cal. 1999).  ; <u>Johnson v. Gomez</u>, No. C95-20717 RMW, 1996 WL 107275, at *2-5 (N.D. Cal. 1996); <u>Brooks v. McGrath</u>, No. C 95-3390 SI, 1995 WL 733675, at *1-2 (N.D. Cal. 1995).  Accordingly, the court finds that plaintiff's allegations fail to state a

claim for relief under section 1983 for violation of the Due Process Clause.  The complaint must therefore be dismissed.  Plaintiff will, however, be granted an opportunity to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   August 1, 2008**            /s/  William M. Wunderlich
                                       UNITED STATES MAGISTRATE JUDGE