IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL BROWN,

    Plaintiff,                              1:06 CV 1168 AWI WMW PC

    vs.                                    FINDINGS AND RECOMMENDATION

                                      (THIRTY DAY DEADLINE)

A. MALFI, et al.,

    Defendants.

      Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the September 12, 2008, first amended complaint, filed in response to an order dismissing the original complaint with leave to amend. . Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at The Sierra Conservation Center at Jamestown, brings this civil rights action against defendant correctional officials employed by the CDCR at the Sierra Conservation Center.

      Plaintiff's claims in this complaint relates to a classification hearing. Plaintiff claims that he was denied due process. Specifically, Plaintiff alleges that he was denied placement in a camp on the ground that his underlying offense involved violence. Plaintiff disputes that his underlying offense involved violence. Plaintiff alleges that inmates with more violent histories

have been placed in the camp.

In the order dismissing the original complaint, Plaintiff was advised of the following. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976). The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Under certain circumstances, labeling a prisoner with a particular classification may implicate a liberty interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections."). In this instance, plaintiff has alleged no facts that establish the existence of a liberty interest with respect to the decision regarding camp placement. Being housed in general population, as opposed to being housed in a camp simply does not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Neal at 830; Cooper v. Garcia, 55 F.Supp.2d 1090, 1101 (S.D. Cal. 1999). ; Johnson v. Gomez, No. C95-20717 RMW, 1996 WL 107275, at *2-5 (N.D. Cal. 1996); Brooks v. McGrath, No. C 95-3390 SI, 1995 WL 733675, at

*1-2 (N.D. Cal. 1995).  In the order dismissing the original complaint, the court found that Plaintiff's allegations failed to state a claim for relief under section 1983 for violation of the Due Process Clause.  The complaint was therefore be dismissed.

In the first amended complaint, Plaintiff restates the allegations of the original complaint. Plaintiff take issue with his classification status.  Plaintiff specifically contends that he should not be housed in a level 3 or 4 facility, but in a level 1 or 2 facility.  The law on this matter is clear. Prisoners have no constitutional right to a particular classification status, see Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976), and prisoners have no constitutional right to be incarcerated at a particular correctional facility.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  Accordingly, absent a motive that implicates constitutional concerns, Plaintiff's change in housing status does not give rise to a claim for relief.  Plaintiff has alleged no facts that indicate that a motive that would implicate constitutional concerns was behind the changes.  Accordingly, plaintiff's allegations fail to give rise to any claims for relief under section 1983.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

1
2
3
4
5  IT IS SO ORDERED.
6  **Dated:     November 19, 2008                         /s/  William M. Wunderlich**
                                                    UNITED STATES MAGISTRATE JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

4